**James FOWLER, Jr., et al., Plaintiffs,**

**v.**

**Ruth SCHWARZWALDER et al., Defendants.**

**No. 3-72-Civ.-265.**

United States District Court,
D. Minnesota,
Third Division.

Oct. 6, 1972.

Andrew W. Haines and Michael T. McKim, St. Paul, Minn., Michael A. Wolff, Denver, Colo., for plaintiffs.

Kenneth J. Fitzpatrick and R. Scott Davies, St. Paul, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Seven black residents of St. Paul, each of whom took a Civil Service examination on July 8, 1972 to be a St. Paul fire fighter, and none of whom were successful in being one of the top 20 applicants, sue the members of the St. Paul Civil Service Commission, its Director, and the St. Paul Fire Chief asking for injunctive and declaratory relief from claimed discriminatory practices of the defendants in recruiting, examining and hiring St. Paul fire fighters.

Jurisdiction is based on the civil rights laws, 42 U.S.C. §§ 1981 and 1983. Testimony was received and arguments heard on October 5, 1972. For the reasons hereinafter stated, an injunction will issue temporarily restraining defendants from certifying and hiring any fire fighters from the eligibility list resulting from the July 8 examination.

It appears from the files, records and testimony that St. Paul now has 468 fire fighters. Six of that number, or approximately 1.35%, are members of minority groups—blacks, Mexican-Americans or Spanish surnamed persons. It is alleged that St. Paul has a minority population of approximately 6%. Plaintiffs argue that this statistical evidence establishes that past and present hiring practices in selecting fire fighters for St. Paul discriminates against minority applicants. Plaintiffs urge, and defendants do not deny, that the cases of Parham v. Southwestern Bell Company, 433 F.2d 421 (1970) and Carter v. Gallagher, 452 F.2d 315 (1971), both Eighth Circuit decisions, hold that evidence of this kind may support an inference of the existence of discriminatory practices.

The plaintiffs argue that the test questions were not related to job performance as a fire fighter and hence the test discriminated against Negroes. If this is true, plaintiffs are aggrieved and entitled to relief. Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). The Supreme Court has said:

"If an employment practice which operates to exclude Negroes cannot be shown to be related to job performance, the practice is prohibited." Griggs v. Duke Power Co., supra, 401 U.S. at 431, 91 S.Ct. at p. 853.

The Court has also said that the employer has the burden of showing that such tests have a manifest relationship to the employment, Griggs v. Duke Power Co., supra, 401 U.S. at p. 432, 91 S.Ct. at p. 854.

The evidence here indicates that the July 8 civil service test for fire fighters was conducted at the request of Fire Chief Conroy to fill contemplated vacancies for 13 men. In early July the test was revised to do away with what was thought to be objectionable features of it including a part of the test which covered mechanical comprehension or aptitude. Bernard P. Wright, a Personnel Assistant IV in the Civil Service Bureau of the City of St. Paul, testified by affidavit as to the factors which went into the composition of the test. Mr. Wright said the test was constructed in accordance with the concept of content validity as set forth in the Equal Employment Opportunity Commission guidelines on employee selection procedure, 35 F.R. 12333 (April 1, 1970). He said that he had eliminated questions considered to have words unfamiliar to minority applicants and questions evidentiary of a cultural bias.

The Commission members contemplated postponing staging of the test on July 8 but were importuned not to do so by Robert Harris, a black fire fighter, who had spent considerable time recruiting and training minority applicants for the examination. A letter from him dated June 26, 1972 addressed to Mayor Cohen advised that he was conducting a recruitment and tutoring program for applicants, that he had 21 minority members studying for the test, and that 14 of that number completed the preparation course. Harris stated that Fire Chief Conroy had strongly urged and favored the recruitment program for minorities since 1968. Mr. Harris coun-

seled the mayor, "I implore you to let the test be given as scheduled." The tests were conducted. Three hundred and forty-four persons took the examination, 26 of whom were members of minorities. Two hundred and twenty-one passed, 19 of whom were members of minorities. None of the minority applicants were in the top 20.

The letter from fireman Harris, and testimony by Chief Conroy, reflected that since 1968 when he took office Chief Conroy has strongly supported a minority recruitment program. He said that Mr. Harris had spent considerable time in recruiting and training minorities before each of the three tests given since 1968. Chief Conroy said that Mr. Harris spent full time recruiting just prior to the July 1972 tests. He estimated that Harris spent 45 days full time in this work while drawing regular city pay.

■ The immediate issue before the Court is whether to enter a temporary injunction pending hearing. Plaintiffs argue that a temporary injunction should be issued because their constitutional right to the benefit of fair hiring practices is being taken from them and that if the injunction is not issued the Civil Service Board will soon certify the first 20 or so applicants from the top of the eligibility list and that it will be too late then to correct the claimed constitutional wrongs they will have suffered.

The defendants claim, principally from the testimony of Chief Conroy, that approximately 13 new fire fighters will be needed from now until the expected expiration date of the eligibility list in June 1973. He said that his force is now shorthanded and that without the seven or eight men needed immediately the efficiency of his force will be impaired and the safety of lives and property will be jeopardized.

The main point at issue is as to the fairness of the written test that was given on July 8. Plaintiffs challenge the fairness of it. They say it discriminates against minorities. In support

thereof they submit the affidavit of Dr. David J. Weiss, a member of the Psychology Department faculty of the University of Minnesota. He testified that he had examined and analyzed the test and the results of the answers. He noted the number of whites, compared to blacks and other minorities, who had ranked high on the written and physical tests. He concluded that the content of the test given was potentially discriminating against minorities. He also said:

"Until the St. Paul Civil Service Commission can show a proper validation study including a proper job analysis leading to the development of an appropriate measurable criterion of job success, and appropriate statistical evidence of relationship between the score on the Fire Fighter examination and that criterion, it cannot be concluded that the examination has been validated according to generally accepted criteria, and the data which imply that the test discriminates unfairly against minority group members must stand unrefuted."

Counsel for both parties have said that they can prepare necessary evidence, expert and otherwise, for presentation to the Court on the merits by November 20, 1972. The Court, at this stage, is unable to make a judgment as to the merits of the claim that the test is unfair. If the conclusion indicated by Professor Weiss is correct and supported, it appears that plaintiffs are entitled to relief. I cannot decide the issue until I hear all of the evidence, but the possibility of success by plaintiffs is enough to grant a temporary injunction for a limited period. Since the Fire Chief has been without a full force since last May, the hardship imposed upon his department for an additional six weeks is not too great, and, at the same time, holding the hiring of new fire fighters in abeyance for six weeks will enable both parties to fully present evidence bearing on the validity of the tests and thus permit a resolution of the constitutional issue involved.

Hence my conclusion that a temporary injunction should issue pending hearing on the merits on November 20, 1972.

The defendants are directed to hold certification and employment of fire fighters from the eligible list of fire fighters for the St. Paul Fire Department until further order of the Court.